UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THOMAS A. CENSKE,

        Plaintiff,        Case No. 1:04-cv-804

v.        Honorable Richard Alan Enslen

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

        Defendants.
_____/

## ORDER

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On January 4, 2005, the Court dismissed Plaintiff's action as frivolous pursuant to 28 U.S.C. § 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c). The Court found that while the majority of Plaintiff's writing was legible, the words did not form coherent sentences or convey clear thoughts. Because the Court was unable to decipher Plaintiff's prose, his Complaint necessarily lacked an arguable basis either in law or fact. The Sixth Circuit issued an order on July 29, 2005, affirming this Court's decision. Petitioner now brings a Motion for Relief from Judgment pursuant to FED. R. CIV. P. 60(b).

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated,

or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). Petitioner brings his Motion under subsection (2). A motion under Rule 60(b)(2) must be made within a reasonable time, not more than one year after the judgment or order was entered. FED. R. CIV. P. 60(b). Petitioner filed the instant motion more than a year after the Court's Judgment dismissing his case; therefore, it is untimely.

Even if his motion were timely, it is without merit. Plaintiff appears to argue that this Court and the Sixth Circuit failed to recognize his action as bringing a claim under *Bivens v. 6 Unknown Agents*, 403 U.S. 377 (1971). In *Bivens,* the Supreme Court held that individuals could "recover money damages for any injuries [they have] suffered as a result of [a federal agent's] violation of the [Constitution]." 403 U.S. at 397. Plaintiff, however, fails to allege any coherent facts in his Complaint or Motion for Relief from Judgment that could be construed as a *Bivens* claim. Accordingly, Plaintiff is not entitled to relief from the Court's Judgment.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment (DKt. No. 15) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
November 17, 2006  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE